UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LaRENZO C. BROCKINGTON, <br><br> Plaintiff, <br><br> v. <br><br> DeANGELA LEWIS, <br><br> Defendant. | CAUSE NO. 3:20-CV-225-RLM-MGG |

OPINION AND ORDER

LaRenzo C. Brockington, a prisoner without a lawyer, filed an amended complaint naming four defendants: Mark Hale, Jackson, Andrew Liaw, and DeAngela Lewis. ECF 8. He says he "is filing this amended complaint in conjunction with the original complaint to add the parties as defendants." Id. at 2. The court explained that N.D. Ind. L.R. 15-1 requires him to include all of his claims and defendants in a single filing. ECF 9. The court explained, "[w]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward [b]ecause a plaintiff's new complaint wipes away prior pleadings . . . .." Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999). Id. He was granted until July 15 to file an amended complaint containing all of the claims he wanted to bring in this lawsuit, and was cautioned if he didn't respond by the deadline, the court would screen the amended complaint which only named four defendants. The deadline has passed and he didn't file a second amended complaint, so the court will screen the amended complaint.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Brockington alleges he was seen twice by Dr. Jackson after he arrived at the Westville Correctional Facility on February 5, 2019. At the first visit, they discussed his hospital surgery. Dr. Jackson examined his leg, ordered an x-ray, and prescribed Cymbalta for pain. At the second visit, Dr. Jackson discussed the x-rays and changed his pain medication because the Cymbalta wasn't effective. He wasn't seen or treated by Dr. Jackson after that.

For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

Dr. Jackson is alleged to have met with Mr. Brockington only twice. Nothing about the complaint's description of either visit plausibly alleges that Dr. Jackson acted outside the scope of accepted professional judgment, practice, or standards during those visits. Mr. Brockington alleges that Dr. Jackson won't

see him anymore, but he hasn't plausibly alleged Dr. Jackson knew anything about his medical issues since the second visit. The complaint alleges Dr. Liaw took over his care in August 2019, so Dr. Jackson must be dismissed.

Mr. Brockington alleges he saw Dr. Liaw in August 2019. At that visit, Dr. Liaw examined his leg, prescribed Tylenol and ibuprofen, and told him he would be his doctor. He has only seen Dr. Liaw one other time, but he doesn't say when. Neither does he say what happened during the visit. Mr. Brockington alleges Dr. Liaw has been deliberately indifferent because he continues to have pain and other problems with his leg. He hasn't plausibly alleged that Dr. Liaw acted outside the scope of accepted professional judgment, practice, or standards during the single visit described in the amended complaint. Mr. Brockington alleges Dr. Liaw didn't see him when he needed medical attention, but he hasn't plausibly alleged Dr. Liaw knew he needed to be seen and refused to provide him with care. Therefore Dr. Liaw must be dismissed.

Mr. Brockington alleges that DeAngela Lewis was the Health Services Administrator in 2019 when Dr. Mamzck recommended surgery. He says she refused to process that recommendation and prevented him from receiving necessary surgery. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A "serious" medical need is one

3

that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). A surgical recommendation by a physician is an objectively serious medical need. The amended complaint plausibly alleges it was DeAngela Lewis's job to process that recommendation and she refused to do so. Thus it states a claim upon which relief can be granted against DeAngela Lewis.

Mr. Brockington alleges that Mark Hale is the president of the company that employs the other defendants, but he hasn't alleged that Mr. Hale had any personal involvement with his medical care. There is no general respondeat superior liability under 42 U.S.C. § 1983. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Therefore Mark Hale must be dismissed as a defendant.

For these reasons, the court:

> (1) GRANTS LaRenzo C. Brockington leave to proceed against DeAngela Lewis in her individual capacity for compensatory and punitive

damages for being deliberately indifferent to his need for medical treatment of his leg by refusing to process Dr. Mamzck's recommendation for surgery in 2019 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Dorothy Livers, Mark Hale, Jackson, and Andrew Liaw;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) DeAngela Lewis at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 8), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), DeAngela Lewis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 11, 2020

                                        s/ Robert L. Miller, Jr.
                                        JUDGE
                                        UNITED STATES DISTRICT COURT