UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LaRENZO C. BROCKINGTON, <br><br> Plaintiff, <br><br> v. <br><br> DOROTHY LIVERS, ANDREW LIAW, and DeANGELA LEWIS, <br><br> Defendant. | CAUSE NO. 3:20-CV-225-RLM-MGG |

OPINION AND ORDER

LaRenzo C. Brockington, a prisoner without a lawyer, filed an amended complaint naming eight defendants. ECF 14. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Brockington "sustained a gunshot wound [to the right leg] in April 2018 which was treated with [surgery] by Dr. Sohn." ECF 14-1 at 1. The complaint alleges after arriving at the Westville Correctional Facility on February 5, 2019, he was seen twice by Dr. Jackson. ECF 14 at 4. They discussed his surgery at the first visit. *Id*. Dr. Jackson examined his leg, ordered an x-ray, and prescribed Cymbalta for pain.

*Id*. At the second visit, Dr. Jackson discussed the x-rays and changed his pain medication because the Cymbalta wasn't effective. *Id*. In August 2019, Mr. Brockington saw Dr. Liaw. ECF 14 at 5. Dr. Liaw examined his leg, prescribed Tylenol and ibuprofen, and told him he was now his doctor at the prison. *Id*. The complaint alleges both Dr. Jackson and Dr. Liaw have refused to see him again despite repeated requests to change his ineffective pain medication. *Id*.

For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). The complaint contains no indication either Dr. Jackson or Dr. Liaw acted outside of professional standards during any of the three appointments they had with him. Neither is there any indication Dr. Jackson did so by refusing to see him after he was transferred to Dr. Liaw. Dr. Jackson will be dismissed.

The allegation Dr. Liaw sent email to nurses refusing to see Mr. Brockington after learning his current pain medication was ineffective states a claim on which relief might be granted. The Eighth amendment doesn't require a prison doctor to keep an inmate pain free. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly

2

> inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Id*. (quotation marks and citation omitted). However, a "inexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." Goodloe v. Sood, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). A "prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." Arnett v. Webster, 658 F.3d 742, 754 (7th Cir. 2011). Mr. Brockington will be granted leave to proceed against Dr. Liaw.

Mr. Brockington saw Dr. Mamczak on June 26, 2019 for a "[c]losed fracture of right tibia with nonunion." ECF 14-1 at 2. Dr. Mamczak concluded "[s]urgical treatment options for the nonunion are necessary to achieve union." *Id*. He discussed surgical options with Mr. Brockington and with prison Health Services Administrator DeAngela Lewis. *Id*. Mr. Brockington alleges she refused to process the surgical referral. ECF 14 at 6. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v.

3

Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

It is unclear whether achieving union is medically necessary, but the physician's surgical recommendation is proof of an objectively serious medical need. The complaint plausibly alleges it was DeAngela Lewis's job as Health Services Administrator from June to September 2019 to process that recommendation so physicians could evaluate it, and that she refused to do so. This allegation states a claim on which relief might be granted against DeAngela Lewis.

The complaint alleges Dorothy Livers became the Health Services Administrator in July 2019 and continued to refuse process the surgical recommendation. ECF 14 at 9-12. The transition dates from Lewis to Livers are inconsistent, but the allegation nevertheless states a claim against Dorothy Livers.

The complaint also alleges Dorothy Livers retaliated against him in various ways. "To prevail on his First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir.

4

2012) (quotation marks and citations omitted). The complaint alleges the retaliation was motivated by Mr. Brockington's First Amendment right to continuously complain he was not receiving surgery. EDF 14 at 12. The complaint alleges she took his cane, refused to permit him to be housed in the medical unit, and denied him renewal of permits for a bottom bunk, housing on a bottom floor, no work, a cane, and no standing for more than 5 minutes. ECF 14 at 12-14. These allegations state a claim on which relief can be granted. The allegation that she was responsible for his not being seen by a by a doctor isn't plausible given he alleges Dr. Jackson and Dr. Liaw refused to see him. *See* ECF 14 at 5 and 12. Though she may have communicated the physicians' unwillingness to see Mr. Brockington, once they refused, it was them, not her, that prevented him from being seen.

The complaint also alleges these same retaliatory acts demonstrate Dorothy Livers violated the Americans With Disabilities Act.. ECF 14 at 15. The ADA doesn't impose individual liability. *See* Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998) (explaining the ADA prohibits a "public entity" from discriminating against qualified individuals with a disability by excluding them from "services, programs, or activities of a public entity"). Because Ms. Livers isn't a public entity, the complaint doesn't state a claim against her for violating the ADA. Moreover, none of the alleged retaliatory acts are themselves services, programs, or activities.

The complaint alleges Ms. Livers watched closed circuit television recordings of Mr. Brockington in violation of prison policies. ECF 14 at 14. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived

5

him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). The constitution doesn't limit which prison employees may watch closed circuit television recordings. Even if doing so violates a prison rule, it doesn't amount to a constitutional claim on which relief could be granted.

The complaint that alleges Mark Hale is the president of the company that employs some of the defendants, ECF 14 at 6-7 and 16, that Warden Galipeau supervises other defendants and is responsible for the prison, *Id.* at 16, and that Commissioner Carter supervises Warden Galipeau and is responsible for the actions of the Indiana Department of Correction. *Id.* at 17. The complaint doesn't allege any of them had personal involvement with his medical care. There is no general liability for supervisors under 42 U.S.C. § 1983. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). These defendants must be dismissed.

Finally, Mr. Brockington alleges that John Harvil mishandled his grievance. ECF 14 at 18-20. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011). John Harvil must be dismissed.

This case has been stayed pending this screening order. Now that the case has been screened, the stay will be lifted.

For these reasons, the court:

(1) LIFTS the stay;

(2) GRANTS LaRenzo C. Brockington leave to proceed against Andrew Liaw in his individual capacity for compensatory and punitive damages for refusing to schedule him for an appointment to review his allegedly ineffective pain medication in 2019 and 2020 in violation of the Eighth Amendment;

(3) GRANTS Mr. Brockington leave to proceed against DeAngela Lewis in her individual capacity for compensatory and punitive damages for refusing to process Dr. Mamczak's surgical recommendation from June to September 2019 in violation of the Eighth Amendment;

(4) GRANTS Mr. Brockington leave to proceed against Dorothy Livers in her individual capacity for compensatory and punitive damages for refusing to process Dr. Mamczak's surgical recommendation from July 2019 to 2020 in violation of the Eighth Amendment;

(5) GRANTS Mr. Brockington leave to proceed against Dorothy Livers in her individual capacity for compensatory and punitive damages for retaliating against him by taking his cane, refusing to permit him to be housed in the medical unit, and denying him renewal of permits for a bottom bunk, housing on a bottom floor, no work, a cane, and no standing for more than 5 minutes in violation of the First Amendment;

(6) DISMISSES all other claims;

(7) DISMISSES John Galipeau, Mark Hale, John Harvil, Dr. Jackson, and Robert E. Carter, Jr.;

(8) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Andrew Liaw, DeAngela Lewis, and Dorothy Livers at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 14), pursuant to 28 U.S.C. § 1915(d);

(9) ORDERS Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Andrew Liaw, DeAngela Lewis, and Dorothy Livers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 24, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT