UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARENZO C. BROCKINGTON, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) Cause No. 3:20-cv-225-RLM-MGG |
| v. | ) |
| | ) |
| DORORTHY LIVERS, et al., | ) |
| | ) |
| *Defendants* | ) |
| | ) |

OPINION AND ORDER

The defendants' motion to dismiss is before the court. The defendants say dismissal under Federal Rule of Civil Procedure 41(b) is warranted because Mr. Brockington hasn't complied with court orders and hasn't prosecuted his case. [Doc. No. 126]. Mr. Brockington filed a "motion of status report" the same day the defendants filed their motion, but he otherwise hasn't responded to the motion. The time to do so has passed. The court denies the defendants' motion to dismiss for the following reasons.

"A court may dismiss an action with prejudice 'if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or any court order.'" Salata v. Weyerhaeuser Co., 757 F.3d 695, 699 (7th Cir. 2014) (quoting FED. R. CIV. P. 41(b)). "District courts generally have broad authority to dismiss a case for failure to prosecute, and this includes failure to comply with valid orders." Thomas v. Wardell, 951 F.3d 854, 862 (7th Cir. 2020) (citation omitted); *see also* Dridi v. Am. Fam. Mut. Ins. Co., S.I., 849 F. App'x 161, 163 (7th Cir.

1

2021) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-632 (1962)). A court "should dismiss a case under Rule 41 only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" Salata v. Weyerhaeuser Co., 757 F.3d at 699 (quoting Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1983)). The court must also consider "the prejudice that the delay caused the defendant[s]." Thomas v. Wardell, 951 F.3d at 862 (citing Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011)). A case may only be dismissed pursuant to Rule 41 if the court has issued an explicit warning that dismissal may be warranted. Aura Lamp & Lighting Inc. v. Int'l Trading Corp., 325 F.3d 903, 908 (7th Cir. 2003). Dismissal under Rule 41(b) "is a harsh sanction that should be imposed infrequently." Salata v. Weyerhaeuser Co., 757 F.3d at 699 (quoting Roland v. Salem Contract Cariers, Inc., 811 F.2d 1175, 1177-1178 (7th Cir. 1987)).

Up to this point in the case, the defendants' attempts to depose Mr. Brockington have been unsuccessful. The first scheduled deposition was set to take place by video conference; Mr. Brockington's phone ran out of battery about an hour into the deposition, which caused the deposition to end prematurely. The parties rescheduled, this time for an in-person deposition to avoid further technological problems. Mr. Brockington didn't appear for the deposition. His lawyer contacted him and discovered that he wouldn't attend because he didn't have a way to get there. Efforts to accommodate Mr. Brockington's situation were unsuccessful. The defendants accordingly moved (1) to vacate the trial dates and to reset the other case deadlines, and (2) for an order to show cause, contending

that Mr. Brockington should be held in contempt for his non-participation in his depositions. On November 9, 2022, the court granted the first motion and ordered Mr. Brockington to file a brief responsive to the second by December 5, 2022. [Doc. No. 119]. The court advised the parties that it would look unfavorably on further delays or extension requests.

The next day, Mr. Brockington's lawyers filed a motion to withdraw, citing an irretrievable breakdown in the attorney-client relationship. [Doc. No. 120]. On November 14, 2022, the court took the motion under advisement and ordered Mr. Brockington to file a status update saying he would proceed without an attorney, or alternatively to get a new attorney by December 5, 2022. [Doc. No. 125]. The court cautioned Mr. Brockington that pro se status doesn't relieve litigants of the obligation to comply with the Federal Rules of Civil Procedure, and it warned him that "[f]ailure to respond to this order may result in a dismissal of this case."

December 5, 2022, came and went without hearing from Mr. Brockington about either of the court's orders. The defendants filed their motion to dismiss on December 15. The same day, Mr. Brockington filed a "motion of status report," in which he requested more time to get a new lawyer because of a death and illnesses in his family and because his exiting attorneys possessed his case documents; he also asked the court not to dismiss the case.

On December 19—two weeks after the deadline for Mr. Brockington to respond to both orders—Mr. Brockington's exiting counsel filed a motion to stay,

3

requesting that the court stay the case until Mr. Brockington secured new counsel. Mr. Brockington's new lawyer entered an appearance the same day.

As of the date of this order—which is more than a month after his new attorney's appearance—neither Mr. Brockington nor his new lawyer on his behalf have given any updates or filed a response to the court's orders. Mr. Brockington's status update requesting more time to get a new lawyer gives an excuse, albeit a belated one, for his tardiness in responding to the November 14 order, but Mr. Brockington still hasn't addressed the November 9 order about the show cause motion. Despite these facts, dismissal is a harsh sanction, one which the court hesitates to invoke at this point in the litigation.

Accordingly, the court:

1. ORDERS Mr. Brockington to file the brief as outlined in the court's November 9 order by **February 13, 2023**. The court WARNS Mr. Brockington that if he doesn't respond, the court may dismiss his case with prejudice pursuant to Fed. R. Civ. P. 41(b); and

2. DENIES the defendants' motion to dismiss this case, with leave to refile [Doc. No. 126].

SO ORDERED.

ENTERED: January 30, 2023

/s/ Robert L. Miller, Jr.
Judge, United States District Court